UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-854-KK-DTBx** | Date: | June 18, 2025 |
|---|---|---|---|
| Title: | *Edgar R. Acu v. Westrock Services, LLC et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 36]

## I.
## INTRODUCTION

On March 14, 2024, plaintiff Edgar R. Acu ("Plaintiff") filed a Class Action Complaint against defendant Westrock Services, LLC ("Defendant") in Riverside County Superior Court, alleging Defendant violated various California labor protections. ECF Docket No. ("Dkt.") 1-3, Ex. A. On April 22, 2024, Defendant removed the action to this Court. Dkt. 1. On March 24, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 36, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## II.
## BACKGROUND

On March 14, 2024, Plaintiff initiated this action by filing a Class Action Complaint against Defendant in Riverside County Superior Court. Dkt. 1-3. On April 22, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 et seq, stating this Court has federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Dkt. 1. Specifically, Defendant asserts Plaintiff's state law causes of action are preempted under Section 301 of the LMRA, which confers federal question jurisdiction over state law claims involving rights that exist solely as a result

of a collective bargaining agreement ("CBA"), because Plaintiff and class members "are bound by a valid [CBA] that governs the wages, hours of work, and working conditions of the employees[.]" Id. ¶ 16.

On August 26, 2024, Plaintiff filed the operative Second Amended Class Action Complaint ("SAC"). Dkt. 29, SAC. The SAC raises the following alleged violations of state law:

1. **Cause of Action One:** Failure to Pay Minimum Wages in violation of California Labor Code Sections 204, 1194, 1194.2, and 1197;
2. **Cause of Action Two:** Failure to Pay Overtime Compensation in violation of California Labor Code Sections 510, 1194 and 1198;
3. **Cause of Action Three:** Failure to Provide Meal Periods in violation of California Labor Code Sections 226.7 and 512;
4. **Cause of Action Four:** Failure to Authorize and Permit Rest Breaks in violation of California Labor Code Section 226.7;
5. **Cause of Action Five:** Failure to Indemnify Necessary Business Expenses in violation of California Labor Code Section 2802;
6. **Cause of Action Six:** Failure to Timely Pay Final Wages at Termination in violation of California Labor Code Sections 201, 202, and 203;
7. **Cause of Action Seven:** Failure to Provide Accurate Itemized Wage Statements in violation of California Labor Code Section 226;
8. **Cause of Action Eight:** Unfair Business Practices in violation of California Business and Professional Code Sections 17200, et seq. ("UCL"); and
9. **Cause of Action Nine:** Civil Penalties under the California Private Attorneys General Act of 2004 ("PAGA").

Id. ¶¶ 31-103.

As alleged in the SAC, Plaintiff is a California resident who worked as a Maintenance Mechanic for Defendant from May 10, 2021 to March 15, 2023 at Defendant's shipping container plant in Corona, California. Id. ¶ 8. Plaintiff brings the instant action on behalf of:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

Id. ¶ 24.

Plaintiff alleges, throughout the relevant period, Defendant "maintained a systematic, company-wide policy and practice of," violating California labor protections. Id. ¶ 5. Specifically, Defendant "failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendant[] terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff." Id. ¶ 15. Plaintiff alleges these statutory violations were common practices for all class members. Id. ¶ 16.

Throughout the relevant class period from March 14, 2020 to the present, Plaintiff and putative class members are or were members of Teamsters District Council No. 2 ("Union") during their employment with Defendant. Dkt. 1-2, Declaration of Jennifer Colucci ("Colucci Decl."), ¶ 4, Ex. A ("2018 CBA"). Three Collective Bargaining Agreements ("CBAs") between the Union and Defendant are relevant to the potential class members: (1) the 2014 CBA covering September 1, 2014 – August 31, 2018, (2) the 2018 CBA covering September 1, 2018 – August 31, 2023, and (3) the 2023 CBA covering September 1, 2023 – August 31, 2027. Id., Ex. B ("2014 CBA"), Ex. C ("2023 CBA").

On March 24, 2025, Plaintiff filed the instant Motion to Remand, arguing (1) Section 301 of the LMRA ("Section 301") does not apply because the CBA was not in effect[1]; (2) Section 301 does not apply to Plaintiff's claims; and (3) to the extent Section 301 applies to some of Plaintiff's claims, the Court should dismiss those claims and remand to state court. See Mot.

On April 10, 2025, Defendant filed an Opposition to the Motion.[2] Dkt. 37. Defendant argues, pursuant to Section 301 preemption, Plaintiff's claims for unpaid wages and expense reimbursements exist solely as a result of the CBA, and any analysis of Plaintiff's causes of action will be substantially dependent on an interpretation of the CBA. Id. In support of the Opposition, Defendant filed the declarations of Jennifer Colucci and Isabella Shin. Dkts. 37-1, 37-2. That same day, Defendant filed a Request for Judicial Notice.[3] Dkt. 37-3.

On April 17, 2025, Plaintiff filed a Reply. Dkt. 41.

This matter, thus, stands submitted.

///

---

[1] The parties dispute whether Plaintiff and putative class members were covered by a CBA during the entire class period since the 2018 CBA was not signed until 2021. Dkt. 36 at 6-7; dkt. 37 at 13. However, Section 40 of the 2014 CBA clearly states the 2014 CBA "shall be considered self-renewing for yearly periods" after the final effective date of the 2014 CBA. 2014 CBA § 40. Accordingly, the Court declines to remand based on the argument that no CBA was in effect.

[2] In the Opposition, Defendant argues Plaintiff waived his right to remand. However, "[s]ubject matter jurisdiction may not be waived," and "the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

[3] A court may take judicial notice of documents extrinsic to the complaint if no party contests their authenticity and the complaint "necessarily relies" upon the documents, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006), or if the documents are matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Here, Defendant requests the Court take judicial notice of a copy of a document published by the State of California Department of Industrial Relations titled Minimum Wage Frequently Asked Questions, which was updated in December 2024. Dkt. 37-3. This document provides relevant minimum wages for employers in California. Id. Because Plaintiff does not dispute the authenticity of the document and it is a matter of public record, Defendant's Request for Judicial Notice is **GRANTED**.

# III.
# LEGAL STANDARD

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.; see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (holding "any doubt" as to the propriety of removal "is resolved against removability").

# IV.
# SECTION 301'S TWO-STEP PREEMPTION ANALYSIS

Section 301 of the LMRA preempts state law claims that involve a right that "exists solely as a result of the CBA." See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). A claim subject to complete preemption under Section 301 "raises a federal question" and "can be removed to a federal court." Curtis v. Irwin Indus., Inc., 913 F.3d 1146, 1152 (9th Cir. 2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, [the LMRA] has such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.") (citation and internal quotation marks omitted). Section 301 preemption extends "beyond suits alleging contract violations" to include all "state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985)).

Importantly, not all state law claims implicating collectively bargained agreements raise a federal question. Id. The Ninth Circuit has articulated a two-step inquiry to analyze whether Section 301 preempts a state law claim. Id. First, district courts must determine if the "asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there.'" Id. (quoting Burnside, 491 F.3d at 1059). Second, if the right exists independent of the CBA, district courts must determine whether the right is "substantially dependent on analysis" of the CBA. Id. If there is no substantial dependence, "the claim can proceed under state law." Id.


A.   **PLAINTIFF'S COMPLAINT IS NOT PREEMPTED BY STEP ONE OF THE SECTION 301 PREEMPTION ANALYSIS**

In its Notice of Removal, Defendant argues Plaintiff's Cause of Action Two for failure to pay overtime wages is preempted at step one of the Section 301 preemption analysis. Dkt. 37 at 13-20. Specifically, Defendant argues California Labor Code Section 514 ("Section 514") precludes Plaintiff from bringing Cause of Action Two pursuant to California Labor Code Section 510 ("Section 510"), and therefore, Plaintiff's claim for overtime wages exists solely as a result of the CBA. Id. Plaintiff moves to remand, arguing his claim for overtime wages does not exist solely as a result of the CBA. Mot.

### 1.     Applicable Law

Section 510 provides statutory protections for overtime work in the state of California. However, under Section 514, Section 510 does not apply to employees covered by a valid CBA if the CBA (1) "expressly provides for the wages, hours of work, and working conditions of the employees," (2) "provides premium wage rates for all overtime hours worked[,]" and (3) provides "a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.  Hence, if the parties have a valid CBA that meets all three of Section 514's substantive requirements, a plaintiff's claim for failure to pay overtime wages must "rely on the terms of the CBA." Huffman v. Pac. Gateway Concessions LLC, No. 19-CV-01791-PJH, 2019 WL 2563133, at *4 (N.D. Cal. June 21, 2019).

District courts are divided over whether the CBA must satisfy Section 514's substantive requirements with respect to *all* CBA covered employees or simply to *some* of the CBA covered employees. Compare Huffman, 2019 WL 2563133, at *6 (finding "[i]t is apparent from the statute's plain language" the CBA must meet the substantive requirements as to all covered employees) with Sachs v. Pankow Operating, Inc., No. 2:21-CV-08998-AB-ADSx, 2022 WL 489696, at *6 (C.D. Cal. Feb. 16, 2022) (finding Section 514 "should be interpreted to apply to Plaintiff and the other employees in his employment classification"). However, most district courts in the Ninth Circuit have determined the CBA must meet Section 514's substantive requirements with respect to all CBA covered employees. See e.g., Camarena-Regalado v. S. California Permanente Med. Grp., No. LACV-22-206010-JAK-JPRx, 2023 WL 6216708, at *5 (C.D. Cal. Sept. 25, 2023) (finding, when considering the third substantive requirement, "[m]ost district courts within the Ninth Circuit that have considered the issue have reached the same conclusion: A collective bargaining agreement must provide 130% of the minimum wage to every employee covered by the agreement in order to qualify for the Section 514 exemption as to any employee").

### 2.     Analysis

Here, the Court finds the CBA does not meet Section 514's third substantive requirement. In 2022, the California minimum wage for employers with 26 or more employees was $15.00 per hour. Dkt. 37-3, Ex. A. To comply with the third substantive requirement, all employees were required to make $19.50 or more, i.e., not less than 30 percent more than the state's minimum wage. Cal. Labor Code § 514. Here, however, under the 2018 CBA, newly hired Material Handlers were only paid $19.29 for the first 30 days of their employment. See 2018 CBA at 24. Indeed, Defendant concedes these newly hired Material Handlers were paid, albeit temporarily, less than the required $19.50. Dkt. 37 at 16. Hence, because *some* employees under the 2018 CBA were not paid 30 percent more than the state's minimum wage in 2022, the Court finds Section 514 does not apply, and Plaintiff may bring Cause of Action Two pursuant to Section 510. See, e.g., Ulloa v. Blackstone Consulting, Inc., No. 5:24-CV-01134-HDV-SKx, 2025 WL 306380, at *5 (C.D. Cal. Jan. 27, 2025) ("The upshot of this finding is that Section 514 cannot apply here for the simple reason that the 'other employees' in the Plaintiff's bargaining unit undisputedly did not receive premium wages for the damages period, and therefore Plaintiff's overtime claim must be viewed as arising out of state law and not purely a CBA."); Berreyes v. S. California Gas Co., No. 5:22-CV-01223-SSS-SPx, 2023 WL 2536720, at *3 (C.D. Cal. Mar. 16, 2023) ("Section 514's plain language makes clear that the CBA must comply with the requirements of Section 514 for all employees covered by the CBA, not just some.").

Thus, Defendant fails to demonstrate Plaintiff's Cause of Action Two is preempted by step one of the Section 301 preemption analysis. Accordingly, because the CBA fails to meet Section 514's substantive requirements, Plaintiff may bring his claim pursuant to Section 510.

**B.    PLAINTIFF'S COMPLAINT IS NOT PREEMPTED BY STEP TWO OF THE SECTION 301 PREEMPTION ANALYSIS**

In its Notice of Removal, Defendant also argues preemption is proper under step two of the Section 301 preemption analysis because, for each cause of action, (1) the Court will have to interpret the CBA's arbitration waiver, and (2) the Court's analysis of each claim in Plaintiff's Complaint will require interpretation of the CBA. Dkt. 1. Plaintiff moves to remand, arguing review of the CBA's arbitration clause and Plaintiff's nine causes of action will not require the Court to substantially interpret the CBA. Mot.

**1.    Applicable Law**

As stated above, step two of the Section 301 preemption analysis requires district courts to determine whether a plaintiff's asserted rights are "substantially dependent on analysis" of the CBA. Kobold, 832 F.3d at 1032. If the district court must substantially interpret the CBA, then the claims are preempted. Id. However, if the district court does not need to interpret the CBA, then the claims may "proceed under state law." Id.

**2.    Analysis**

Here, the Court finds Plaintiff's SAC does not require the Court to substantially interpret the CBA.

As an initial matter, Defendant argues removal is proper under step two because the CBA contains an arbitration clause. Dkt. 37 at 25. According to Defendant, the Court must necessarily interpret the CBA to determine if the express waiver of judicial forums is clear and unmistakable. Id. "However, examining the CBA to determine whether it contains an express waiver requires no more than a 'cursory examination that does not 'trigger section 301 preemption.'" Lewis v. Host Int'l, Inc., No. CV-21-00075-JAK-SKx, 2022 WL 17885684, at *11 (C.D. Cal. Mar. 11, 2022) (quoting Burnside, 491 F.3d at 1071) (citation modified); see also Bonilla v. Starwood Hotels & Resorts Worldwide, Inc., 407 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) ("A court may also look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption.") (citing Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001) (en banc)). Thus, contrary to Defendant's argument, analyzing the arbitration clause's waiver does not require the Court to substantially interpret the CBA.

In addition, none of Plaintiff's causes of action require the Court to substantially interpret the CBA. With respect to Cause of Action One for failure to pay minimum wages, Defendant argues the Court will need to substantially interpret the CBA because the CBA provides the wages for non-overtime hours worked.[4] Dkt. 37 at 19-21. However, Defendant's argument is misplaced

---

[4] To the extent Defendant argues this claim – or any other claim – involves a right solely derived from the CBA, Defendant notably failed to raise this in its Notice of Removal. O'Halloran

because the minimum wage is separately set by state law.  See dkt. 37-3, Ex. A.  Analyzing a claim pursuant to the state's minimum wage law will not require the Court to analyze or interpret the CBA.  Likewise, with respect to Cause of Action Two for failure to pay overtime wages, Defendant argues the Court will need to substantially interpret the CBA because the CBA provides for the overtime wages.  Dkt. 37 at 20-21.  The Court does not need to interpret the CBA to understand the employees' wages; rather, to make a determination on Cause of Action Two, the Court may simply reference the CBA when making its determination.  See, e.g., Corlew v. Superior Duct Fabrication, Inc., No. 2:22-CV-04466-JLS-Ex, 2022 WL 17834201, at *6 (C.D. Cal. Dec. 21, 2022) ("Interpretation is not necessary here because the dispute is to be resolved by reference to—not interpretation of —the hourly wage rates in the CBA and state law.").  Hence, Plaintiff's claims for unpaid wages are not substantially dependent on an analysis of the CBA.

With respect to Causes of Action Three and Four for failure to provide meal periods and failure to authorize or permit rest breaks, the CBA clearly states meal and rest breaks will be provided "consistent with applicable California law."  2018 CBA § 9.  Hence, once again, Plaintiff's claims for failure to provide meal periods and rest breaks are not substantially dependent on an analysis of the CBA.

With respect to Cause of Action Five for failure to indemnify necessary business expenses, Defendant argues "Plaintiff's claim for expense reimbursements for the purchase of tools is preempted by [Section 301] by virtue of [Industrial Wage Order 1, Section 9]."  Dkt. 37 at 19-20.  However, Defendant makes this argument without explanation or citation to any case law.  Regardless, the CBA provides for reimbursement "pursuant to applicable law."  2018 CBA § 36.4.  Hence, analyzing Cause of Action Five will not require analyzing the CBA.  Rather, by the very terms of the CBA, the Court will need to analyze the applicable state law.  Hence, once again, Plaintiff's claim for reimbursements is not substantially dependent on an analysis of the CBA.

With respect to Cause of Action Six for untimely payment of final wages, Cause of Action Seven for accurate wage statements, Cause of Action Eight for unfair competition, and Cause of Action Nine under PAGA,[5] Defendant argues these claims are preempted because they are all derivative of Plaintiff's underlying California Labor Code claims – Causes of Action One through Four.  Dkt. 37 at 23-24.  As stated above, Plaintiff's claims pursuant to the California Labor Code are not preempted.  Hence, because the underlying claims are not preempted under either step of the Section 301 preemption analysis, Plaintiff's derivative claims are not preempted.  See Sarmiento v. Sealy, Inc., 367 F. Supp. 3d 1131, 1146 (N.D. Cal. 2019) (denying preemption for a derivative claim where plaintiff's wage claims were not preempted).

Accordingly, Defendant fails to demonstrate Plaintiff's Complaint is preempted by step two of the Section 301 preemption analysis.

///

---

v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988) (noting a "defendant must state the basis for removal jurisdiction in the petition for removal").

[5] To the extent Defendant seeks "summary adjudication" on Cause of Action Nine, such an argument must be presented through a properly noticed motion.  Regardless, the Court interprets Defendant's argument, dkt. 37 at 24-25, similar to its other derivative claim arguments.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**. (JS-6)

**IT IS SO ORDERED**.